UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMANUEL CARTAGENA-CORDERO,<br>      Plaintiff,<br><br>      v.<br><br>FIVE STAR CARS, LLC, et al.,<br>      Defendants. | No. 3:19-cv-1728 (SRU) |

### ORDER

This is a case about a fraudulent used car sale. Because the defendant dealership—Five Star Cars, LLC ("Five Star")—failed to appear, I entered a default judgment against Five Star in October 2020. The only issues remaining in this litigation are the amount of damages and attorneys' fees due to the plaintiff, Emmanuel Cartagena-Cordero. In my order granting in part and denying in part Cartagena-Cordero's motion for a default judgment, I held that Cartagena-Cordero had not shown that he was entitled to certain actual damages that he claimed. *See* Order, Doc. No. 27, at 26–28. However, I allowed Cartagena-Cordero leave to submit further documentation supporting his requests at the same time as he submitted a claim for attorneys' fees. *Id.* at 27. In November 2020, Cartagena-Cordero submitted that supplemental documentation and asked me to amend the judgment and award him those additional damages. *See* Mot. for Supp. Damages, Doc. No. 34. For the following reasons, Cartagena-Cordero's motion is **granted in part and denied in part**.

**I.      Background**[1]

---

[1]      For a full recitation of the background in this case, *see* Order, Doc. No. 27, at 4–11; *Cartagena-Cordero v. Five Star Cars, LLC, et al.*, 2020 WL 5912601, at *2–5 (D. Conn. Oct. 6, 2020). In this Order, I delve into the background only as necessary to explain my decision regarding the instant motion.

In December 2018, Cartagena-Cordero purchased a used 2008 Ford Super Duty F-250 SRW (the "Truck") from Five Star. In selling Cartagena-Cordero the Truck, Cartagena-Cordero alleges that Five Star fraudulently executed a retail installment sales contract (the "Forged Contract"). *See* Compl., Doc. No. 1, at ¶ 18. That Forged Contract is signed electronically by Cartagena-Cordero in three places with a time stamp of 9:18:05 AM PST (12:18:05 PM EST). *See* Forged Contract, Ex. 2 to Aff. of E. Cartagena-Cordero, Doc. No. 26-4, at 18, 21. But Cartagena-Cordero "could not have signed the Forged Contract at that time, because he was bowling with friends in East Hartford, Connecticut." Compl., Doc. No. 1, at ¶ 20. Indeed, Cartagena-Cordero alleges that he never saw a copy of the Forged Contract until March 2019. *See id.* at ¶ 22. The Forged Contract contained several charges and fees that I have already held were illegal. *See* Order, Doc. No. 27, at 12–25.

The Truck proved to be a lemon. In the ensuing months, the Truck exhibited numerous issues, and Cartagena-Cordero asked Five Star to undertake the necessary repairs. Five Star did undertake certain repairs, but they were "inadequate and insufficient." Compl., Doc. No. 1, at ¶ 41. In April 2019, Cartagena-Cordero brought the Truck to a Ford dealership; there, Cartagena-Cordero was told that the Truck's engine required an expensive rebuild. *Id.*; *see also* Letter, Doc. No. 26-4, at 30 n.1. Instead of paying for those repairs, Cartagena-Cordero—who admits that he has "some prior automotive experience"—undertook some of them himself, replacing the Truck's shocks, piston rings, and head gasket at a cost of $7,738. Aff. of E. Cartagena-Cordero, Doc. No. 26-4, at ¶¶ 30, 56.

In his motion for default judgment, Cartagena-Cordero sought to recover those costs, along with certain others, as actual damages. Here, I reproduce the part of my ruling that addressed that argument:

2

Cartagena-Cordero seeks to recover his actual damages pursuant to Five Star's violations of CUTPA,[2] its breach of the implied warranty of merchantability, and its civil forgery. Cartagena-Cordero states that his actual damages sum to $13,106.02. *See* Pl.'s Mem. of Law, Doc. No. 26-1, at 26. Cartagena arrives at that sum as follows:

| | | |
|---|---|---|
| (1) Repairs to Vehicle | = | $7,738.99 |
| (2) Cost of Inspection | = | $154.21 |
| (3) DMV Fine | = | $20.00 |
| (4) Service Contract | = | $995.00 |
| (5) Dealer Conveyance Fee | = | $699.00 |
| (6) Finance Charge | = | $501.00 |
| (7) Sales Tax on Service Contract and Finance Charge | = | $95.00 |
| (8) Interest Charge | = | $2,902.82 |

Cartagena-Cordero has not submitted facts sufficient to establish items (1), (3), and (8), and so he is not entitled to those actual damages. More specifically, the only documentary support for Cartagena-Cordero's request for $7,738.99 for repairs to the Truck comes from his affidavit. *See* Aff. of E. Cartagena-Cordero, Doc. No. 26-4, at ¶ 56. The same goes for Cartagena-Cordero's request for $20 for a DMV emissions fine. *See id.* at ¶ 43. "A court may not just accept a plaintiff's statement of the damages, even in a default judgment." *Hernandez* [*v. Apple Auto Wholesalers of Waterbury LLC*, 460 F. Supp. 3d 164, 177 (D. Conn. 2020)] (citing [*Chance v.*] *Karmacharya*, 2017 WL 5515951, at *2 [(D. Conn. Mar. 10, 2017)]; *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp. Div. of Ace Young, Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)) (cleaned up). Awarding Cartagena-Cordero $7,738.99 for repairs and $20 for an emissions fine would require me simply to accept Cartagena-Cordero's statement of the damages, and so I will not award them. However, because Cartagena-Cordero might have documentation to support those claimed damages (such as receipts of payment), I will allow him to submit such documentation—if he has it—in a supplemental affidavit at the same time as he submits a claim for attorneys' fees.

Similarly, Cartagena-Cordero has not submitted any facts to support his request for a $2,902.82 "interest charge." Indeed, Cartagena-Cordero provides no details whatsoever regarding that "interest charge." The face of the Forged Contract does not explain the interest charge. In fact, it seems that Cartagena-Cordero may have mistakenly attributed that interest charge to Five Star: In a footnote

---

[2] "CUTPA" refers to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

> regarding the $2,902.82 interest charge request, Cartagena-Cordero notes that that sum regards "Westlake only." *See* Pl.'s Mem. of Law, Doc. No. 26-1, at 26 n.91. For those reasons, I will not award Cartagena-Cordero the $2,902.82 "interest charge" as actual damages.

Order, Doc. No. 27, at 26–28. After tabulating the remaining damages, and subtracting a portion to avoid a double recovery, I awarded Cartagena-Cordero $1,880.02 in actual damages. *See id.* at 28.

## II. Discussion

In the instant motion, Cartagena-Cordero submits a supplemental affidavit and two exhibits regarding items (1) (repairs to vehicle) and (3) (DMV fine).[3] *See* Mot. for Supp. Damages, Doc. No. 34. Cartagena-Cordero asks me to award him supplemental damages of $7,738 for item (1) and $20 for item (3). Because Cartagena-Cordero's supplemental documentation is inadequate with respect to item (1), but adequate with respect to item (3), Cartagena-Cordero's motion is **granted in part and denied in part**.

In support of item (1), Cartagena-Cordero merely re-submits the same Ford repair estimate that he already submitted as an exhibit to his initial affidavit. *Compare* Ford Quote, Ex. 1 to Supp. Aff. of E. Cartagena-Cordero, Doc. No. 34-2, at 2–4 *with* Ford Quote, Ex. 4 to Aff. of E. Cartagena-Cordero, Doc. No. 26-4, at 33–35. Cartagena-Cordero again explains—just as in his initial affidavit—that he "replaced the shocks, the piston rings and the head gasket," at a cost of $7,738. *Compare* Aff. of E. Cartagena-Cordero, Doc. No. 26-4, at ¶ 56 *with* Supp. Aff. of E. Cartagena-Cordero, Doc. No. 34-1, at ¶ 10. Cartagena-Cordero's supplemental affidavit adds only that he "performed these repairs largely myself with access to a friend's repair shop," and that, "due to the informal nature of the relationship, I do not have receipts for the work performed, the use of the space, or the parts." Supp. Aff. of E. Cartagena-Cordero, Doc. No. 34-

---

[3]   Cartagena-Cordero's supplemental motion does not address item (8) (interest charge).

1, ¶ 11. Cartagena-Cordero's supplemental affidavit—which contains only that single piece of new information—does not help substantiate his damages claim for the costs of repairs to the Truck. Awarding Cartagena-Cordero damages for those costs would require me simply to take Cartagena-Cordero at his word, which is insufficient to support the claim. As a result, for the same reasons I described in my initial order, I **deny** Cartagena-Cordero's motion with respect to the cost of vehicle repairs.

It is a different story with respect to item (3) (DMV fine) because, in support of his claim, Cartagena-Cordero provides probative supplemental documentation: a photograph of a DMV notice—dated February 11, 2019 and addressed to Cartagena-Cordero—that instructs him to pay $20 as an emissions testing late fee. *See* DMV Fine, Ex. 2 to Supp. Aff. of E. Cartagena-Cordero, Doc. No. 34-3. Although Cartagena-Cordero does not include a receipt of payment, that is understandable: The notice calls for payment by check or online, and, if Cartagena-Cordero paid by check, it is unlikely that the DMV would provide receipt or confirmation of payment. Cartagena-Cordero swears that he made the $20 payment. *See* Supp. Aff. of E. Cartagena-Cordero, Doc. No. 34-1, at ¶ 9. Given that additional documentation, I **grant** Cartagena-Cordero's motion with respect to the DMV fine and hold that Cartagena-Cordero is entitled to those additional $20 in actual damages.

Cartagena-Cordero is also entitled to double that $20 in actual damages. Pursuant to Connecticut's civil forgery statute, "[a]ny person who falsely makes, alters, forges or counterfeits any document, or knowingly utters, as true, any document falsely made, altered, forged or counterfeited, shall pay double damages to any party injured thereby." Conn. Gen. Stat. § 52-565. Even though the $20 DMV fine was not strictly included in the Forged Contract,

it was a harm that nonetheless flowed from the Forged Contract's execution.[4]  Thus, Cartagena-Cordero is entitled to double those damages, or another $20, for a total of $40.

\* \* \*

Importantly, along with his motion for supplemental damages, Cartagena-Cordero should have submitted a motion for attorneys' fees.  *See* Order, Doc. No. 27, at 27 ("I will allow [Cartagena-Cordero] to submit such documentation—if he has it—in a supplemental affidavit at the same time as he submits a claim for attorneys' fees."); *id.* at 32 ("Cartagena-Cordero's attorney may submit that fee claim within fourteen (14) days from the entry of judgment."); *see also* Fed. R. Civ. P. 54(d)(2)(B).  Cartagena-Cordero was plainly aware of that deadline:  Twelve days after I entered judgment, Cartagena-Cordero made a motion for an extension of time within which "to file a motion for attorney's fees and to submit an affidavit showing documentation of repair costs and DMV fees."  Mot. for Ext. of Time, Doc. No. 31; *see also* Order, Doc. No. 32 (granting that motion).  When Cartagena-Cordero made the instant motion for supplemental damages, though, he did not include a motion for attorneys' fees.

Some authority suggests that it may now be too late for Cartagena-Cordero to submit a claim for attorneys' fees.  Most importantly, the plain language of Rule 54(d) seems to suggest it.  *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment.").

However, I will allow Cartagena-Cordero to submit a claim for attorneys' fees within 14 days from the date when I enter the second amended judgment in this case.[5]  I do so for several

---

[4]  I have already held the same with respect to the $154.21 cost of inspection.  *See* Order, Doc. No. 27, at 28–29 & n.25.  In addition, as I also already noted, the $20 DMV fine was incidental damage resulting from Five Star's breach of the implied warranty of merchantability.  Such a cost is recoverable.  *See Hernandez*, 460 F. Supp. 3d at 185–86 ("Consumers may also recover incidental and consequential damages for a seller's breach of the implied warranty of merchantability.").  Incidental damages "include . . . any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach."  Conn. Gen. Stat. § 42a-2-715(1).

6

reasons. First, the 14-day period for filing attorneys' fees claims resets after entry of an amended judgment in certain instances (*e.g.*, following remand after an appeal, or following the resolution of post-trial motions). *See* Fed. R. Civ. P. 54(d)(2)(B) advisory committee's note to 1993 amendment ("A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59."); *Weyant v. Okst*, 198 F.3d 311, 315–16 (2d Cir. 1999); *Radtke v. Caschetta*, 822 F.3d 571, 573–74 (D.C. Cir. 2016).

Second, some courts have equitably tolled the 14-day deadline in Rule 54(d)(B)(2) based on excusable neglect. *See, e.g.*, *Crue v. Aiken*, 370 F.3d 668, 680–81 (7th Cir. 2004); 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2680 (4th ed.) (Westlaw 2021) (explaining that "[s]everal courts have ruled . . . that late motions that were the result of excusable neglect may be heard"). Whether neglect is "excusable" depends on several factors, including "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (describing factors in context of Fed. R. Bankr. P. 9006(b)(1)).

And, third, allowing Cartagena-Cordero to file a late motion for attorneys' fees will not frustrate the purposes that animate Rule 54(d)(2)(B)'s time bar. "One purpose" of that time bar "is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. P. 54(d)(2)(B) advisory committee's note to 1993 amendment. Because

---

[5]   The forthcoming amended judgment will be the second amended judgment. The initial judgment was entered on October 8, 2020, in the amount of $14,762.04. *See* Judgment, Doc. No. 28. Following that, I granted Cartagena-Cordero's motion for reconsideration and issued an amended judgment on October 22, 2020, in the amount of $15,760.04. *See* Am. Judgment, Doc. No. 33.

Five Star still has not appeared, that concern is assuaged. Rule 54(d)(2)(B)'s time bar also encourages "[p]rompt filing," which "affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." *Id.* That purpose, too, is not relevant here because there has been no trial. Third, and perhaps most importantly, Rule 54(d)(2)(B)'s time bar "enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.*; *see also Weyant*, 198 F.3d at 315 ("[T]he 14-day period established by Rule 54(d)(2)(B) for the filing of a motion for attorneys' fees was introduced in large part to avoid piecemeal appeals of merits and fee questions."). In this case, there is no threat of piecemeal appeals.

      To be sure, none of the above authorities provides a complete reason to allow Cartagena-Cordero a late attempt at filing a motion for attorneys' fees. My second amended judgment does not follow an appeal, nor does it follow a post-trial motion. And, most likely, Cartagena-Cordero's failure to submit a timely motion for attorneys' fees was a simple oversight, which other courts have held, in the normal course, does not constitute "excusable neglect." *See, e.g.*, *Mattel, Inc. v. Radio City Entm't*, 210 F.R.D. 504, 505 (S.D.N.Y. 2002) (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997)).

      However, considering all the circumstances and relying on the authority cited above as ancillary support, I hold that Cartagena-Cordero may file a motion for attorneys' fees within 14 days from the date when I enter the second amended judgment in this case. It will not frustrate the purposes of Rule 54(d)(2)(B) to allow Cartagena-Cordero an opportunity to file a late motion for attorneys' fees. In my view, even if Cartagena-Cordero's neglect is not excusable, it was almost certainly an inadvertent oversight and not the result of bad faith. Further, allowing

Cartagena-Cordero to file a late motion will not prejudice Five Star any more than it would have if Cartagena-Cordero had filed a timely motion. Finally, the fact that Rule 54(d)(2)(B)'s 14-day clock undoubtedly resets after amended judgments are entered in different circumstances lends strong analogous support here, where I will also be entering a second amended judgment.

### III. Conclusion

Cartagena-Cordero's motion for supplemental damages, doc. no. 34, is **granted in part and denied in part**. The Clerk is instructed to enter a second amended judgment in favor of Cartagena-Cordero and against Five Star in the amount of $15,800.04, as set forth below.

| Claim | Recovery |
| --- | --- |
| TILA Statutory Damages | $2,000 |
| FOA Statutory Damages | $10,000 |
| Actual Damages | $1,900.02 |
| Civil Forgery Double Damages | $1,900.02 |

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of May 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge