UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMANUEL CARTAGENA-CORDERO,<br>    Plaintiff,<br><br>        v.<br><br>FIVE STAR CARS LLC, et al.,<br>    Defendants. | No. 3:19-cv-1728 (SRU) |

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This action arises out of Plaintiff Emmanuel Cartagena-Cordero's ("Cartagena-Cordero") purchase and financing of a used vehicle from Defendant Five Star Cars, LLC ("Five Star"), a used car dealership in Meriden, Connecticut. On October 6, 2020, I granted in part and denied in part Cartagena-Cordero's motion for default judgment, specifically granting default judgment against Five Star on Cartagena-Cordero's Truth in Lending Act ("TILA"); Federal Odometer Act ("FOA"), Connecticut Unfair Trade Practices Act ("CUTPA"), breach of contract, and civil forgery claims.[1] *See* Order, Doc. No. 27. Now, Cartagena-Cordero moves for attorneys' fees totaling $15,000 for work performed in relation to securing the default judgment. *See* Mot. for Attorneys' Fees, Doc. No. 37. Five Star, which has not appeared in this action nor opposed the entry of default judgment, has likewise not opposed Cartagena-Cordero's motion for attorneys' fees.

For the reasons set forth below, I **grant** Cartagena-Cordero's motion.

### I.     LEGAL STANDARD

---

[1] Originally, there was a second defendant in this case: Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"). *See* Compl., Doc. No. 1, at ¶ 1.  However, on June 24, 2020, Cartagena-Cordero gave notice that he voluntarily dismissed Westlake from this action.  *See* Notice of Voluntary Dismissal, Doc. No. 24.  Thus, the instant motion for default judgment concerns only Five Star, and this Order discusses Westlake only where relevant.

Both TILA and CUPTA authorize a successful plaintiff to be awarded reasonable attorneys' fees and costs. *See* 15 U.S.C. § 1640(a)(3) (TILA); Conn. Gen. Stat. § 42–110g(d) (CUTPA).

To determine attorneys' fees, the court must first determine a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 (2d Cir. 2008). In doing so, the court takes account of "all case-specific variables," and considers factors such as "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; … (6) whether the fee is fixed or contingent; … (9) the experience, reputation and ability of the attorney[]; and (10) the undesirability of the case …." *Id.* at 186 n.3, 189 (cleaned up). It also considers prevailing rates in the district. *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005).

Then, to arrive at a "presumptively reasonable fee," the court multiplies "a reasonable hourly rate [by] the reasonable number of hours required by the case." *Millea v. Metro-North Ry. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Once the court has determined the "presumptively reasonable fee," it "may still adjust that amount" upward or downward "based on relevant factors specific to the instant case," such as the level of success the plaintiff attained. *Bridgeport & Port Jefferson Steamboat Co. v. Bridgeport Port Auth.*, No. 3:03-CV-599 (CFD), 2011 WL 721582, at *3 (D. Conn. Feb. 22, 2011).

II.     **DISCUSSION**

Here, Cartagena-Cordero seeks $15,000 in attorneys' fees. Attached to Cartagena-Cordero's motion is the declaration of Daniel S. Blinn, his attorney in this matter, along with the billing records for his time and expenses, as well as the billable time of an additional associate, a paralegal, and a legal assistant. Attorneys Blinn's declaration sets forth his hourly billing rate at

$400 and provides the rates for the associate attorney, Brendan L. Mahoney ($275/hour), the paralegal, Lori Miner ($150/hour), and the legal assistant, Dora Fernandez ($95/hour). *See* Brill Decl., Doc. No. 37-2, at ¶ 13.

Each of those rates are consistent with prevailing rates within the District of Connecticut and commensurate with the level of skill required to perform properly. *See Stevenson v. Riverside Motorcars LLC*, No. 3:21-CV-00320 (KAD), 2021 WL 5051667, at *6 (D. Conn. Nov. 1, 2021) (approving the same billing rates for Blinn, Mahoney, Miner and Fernandez). As such, I find that those rates are reasonable.

Next, Cartagena-Cordero seeks to apply the aforementioned rates to an aggregate 58.30 hours of work by counsel and staff. Undoubtedly, 58.30 hours of work seems high for a case that proceeded to default judgment due to the defendant's failure to appear. The timesheets, however, demonstrate that this particular case is more involved than the standard case that proceeds to default judgement. A portion of time was spent pursuing an unsuccessful settlement with Five Cars. Furthermore, Cartagena-Cordero filed several motions for default judgment, as well as a motion for reconsideration that resulted in an award that was $998 greater than the previous judgment I granted in his favor. *See* Doc. Nos. 14, 19, 23, 26, 29, 30.

Importantly too, those hours are an accurate representation of the number of hours spent on the Five Stars claim. As the timesheets reflect, Attorney Brill removed the billing entries related to the Westlake claim or reduced the entries that partially involved the Westlake claim. *See* Brill Decl., Doc. No. 37-2, at ¶ 20; Pre-Bill Worksheet, Doc. No. 37-2, at 3 ("call from client regarding potential arson at Five Star and case status regarding RISFA claims against Westlake [reduced 50%]"). But there is one entry where the number of hours should have been reduced and were not marked as having been reduced. The billing sheet indicates that nearly eight hours

were spent drafting the motion for judgment (Doc. No. 14). *See* Pre-Bill Worksheet, at 4–5. That motion, however, also raised arguments that pertained only to Westlake. Nevertheless, that potential error is balanced out by Attorney Brill declining to seek the full amount of his fees. The worksheet reflects a total of $15,927 in fees, which is $927 more than Attorney Blinn seeks. Moreover, there are additional costs associated with executing the judgment that Attorney Blinn has not included in the award he seeks. *See* Mot. for Attorneys' Fees, Doc. No. 37-1, at 4; Brill Decl., Doc. No. 37-2, at ¶ 23.

Taken together, including the fact that Five Cars has plainly not opposed any of Cartagena-Cordero's claims, the 58.30 hours appears to be reasonable.

### III. CONCLUSION

For these reasons, I **grant** Cartagena-Cordero's motion and awards attorneys' fees in the amount of $15,000.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of March 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge